UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES E. GREEN,

                    Petitioner,

vs.                                    Case No.  5:09-cv-437-Oc-99SPC

SECRETARY    DEPARTMENT    OF
CORRECTIONS,    FLORIDA  ATTORNEY
GENERAL,

                    Respondents.

_____

### OPINION AND ORDER

#### I. Status

James E. Green (hereinafter "Petitioner" or "Green") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254.   Green challenges his conviction, after a jury trial, for manslaughter (count I) and aggravated assault (count II).   Petition at 1.   The court sentenced Green to 20 years on count I and 25 years under Florida's 10-20-life law on count II.   Petitioner's sentence and conviction were *per curiam* affirmed on direct appeal on December 18, 2007.   Green v. State, 970 So. 2d 844 (Fla. 5th DCA 2007).

The Petition identifies the following four grounds for relief: (1) an essential element of count I was illegally used to enhance Petitioner's sentence for count II; (2) Petitioner's out of court

statement was admitted in violation of his youthful <u>Miranda</u>[1] rights; (3) the trial court erred in admitting the un-redacted tape of the 911 call; and, (4) the trial court erred in not granting Petitioner's motion for a new trial because the verdict was contrary to the weight of the evidence. See generally Petition (restated).

Respondent filed a Response to the Petition (Doc. #11, Response), and attached exhibits in support (Exhs. A-AA). Respondent concedes that the Petition is timely filed pursuant to 28 U.S.C. § 2244(d). Response at 9. Respondent contends that: Ground (1) presents an issue of state law only for which federal habeas relief does not lie; Ground (2) is unexhausted and procedurally barred; and Petitioner fails to satisfy his burden under 28 U.S.C. § 2254(d) and (e) as to Grounds (3) and (4). See generally Id. Petitioner filed a Reply to the Response (Doc. #14, Reply). This matter is ripe for review.

## II. Applicable § 2254 Law

### A. Only Federal Questions Cognizable

A federal court only may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). "The writ of habeas corpus was not enacted to enforce State-created rights." Cabberiza v. Moore, 217

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

F.3d 1329, 1333 (11th Cir. 2000)(citation and quotation marks omitted); Estelle v. McGuire, 502 U.S. 62, 68 (1991); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983). In particular, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992). "Federal courts entertaining petitions for writs of habeas corpus must follow the state court's interpretation of a state law absent a constitutional violation." Hunt v. Tucker, 93 F.3d 735, 737 (11th Cir. 1996); Callahan v. Campbell, 427 F.3d 897, 932 (11th Cir. 2005). Consequently, "a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment - i.e., the conviction itself - and thus habeas relief is not an appropriate remedy." Alston v. Dep't of Corr., 610 F.3d 1318, 1325-26 (11th Cir. 2010)(internal quotation and citation omitted). Similarly, a claim that petitioner's federal rights have been violated because state officials failed to correctly apply state law is merely a state law claim "couched in terms" of a federal claim, and fails to state a claim upon which relief may be granted by habeas corpus. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989).

## B. Exhaustion and Procedural Default

A federal court may only review an issue under § 2254 if petitioner first afforded the state courts an adequate opportunity to address that issue. 28 U.S.C. § 2254(b)(1)(A).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, 29 (2004)(internal citations and quotations omitted). This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Duncan v. Henry, 513 U.S. 364, 365 (1995)(stating "exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the

-4-

State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'"). Additionally, in articulating a factual basis in support of a claim for relief, a petitioner must have also alleged the factual predicate to the state court. Kelley v. Sec'y for Dep't of Corrs., 377 F.3d 1317, 1343-44 (11th Cir. 2004)(noting that petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petition if they did not first raise them in the state courts).

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, . . . . ." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001). A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d at 1190. Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to

correct a fundamental miscarriage of justice. House v. Bell, 547 U.S. 518, 536 (2006); Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### C. Deferential Review Required By AEDPA

Green filed his timely Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011)

(pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the

-7-

correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

### III.   Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).   Petitioner does not proffer any evidence that would require an evidentiary hearing, <u>Chandler v. McDonough</u>, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. <u>Schriro</u>, 127 S. Ct. at 1940; <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1034 (2004).

### A.   Ground One - Sentence for Count II Illegally Enhanced

Petitioner contends that the State illegally used "the discharge of firearm" element in count I to enhance his sentence in count II.   Petition at 5.   More specifically, Petitioner claims that the State enhanced the charge of aggravated assault to assault with a deadly weapon, and then further illegally enhanced the assault with a deadly weapon under Florida's 10-20-life statute due to Green's discharge of the firearm on Hill.   Petitioner raised his claim that he received an illegally enhanced sentence on count II in a motion filed pursuant to Florida Rules of Criminal Procedure Rule 3.800 on September 11, 2006, which was denied by the post-conviction court, without a hearing, on November 8, 2006.   Exh.   C. In denying Green relief, the post-conviction court held:

> Having reviewed the file, motion, and response, the Court finds that the Defendant was properly sentenced pursuant

to § 775.087(2)(a)(3) Florida Statutes to a mandatory minimum twenty-five (25) year prison term for aggravated assault in Count II of the indictment. The grounds for enhancement were properly charged in the indictment and the jury made specific findings that the Defendant possessed and discharged a firearm in the course of committing the aggravated assault and that the discharge caused death or great bodily harm. The act of shooting Wendall Hill in the presence of and witnessed by Art LeFebvre, was an intentional threat by act which created a well-founded fear in Art LeFebvre.

Id. Petitioner also raised the issue of his illegally enhanced sentence on direct appeal. Exh. D. The appellate court affirmed Petitioner's sentence and conviction. Exh. G.[2] Respondent submits that this Ground involves only issues of state law for which habeas relief does not lie. Response at 12.

In general, questions of state law rarely raise issues of federal constitutional significance and, therefore, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d at 1055. See also Cabberiza v. Moore, 217 F.3d 1329 at (11th Cir. 2000). Here, Petitioner's claim amounts to a sentencing challenge. The Eleventh Circuit stated that "[i]n the area of sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." Branan v. Booth, 861 F.2d 1507, 1508

---

[2]Petitioner also presented this claim as "issue 1" in his Rule 3.850 motion. Exh. Q at 3.

(11th Cir. 1988)(string citations omitted). Petitioner does not even couch this Ground in constitutional terms. Instead, Petitioner cites to numerous Florida cases and statutes in arguing that his sentence for count II was illegal. Petition at 35-36. Because this Ground raises issues of state law only, federal habeas relief is not available. Consequently, Ground (1) is dismissed.

B. Ground Two-Miranda Violation

Petitioner claims that he was not permitted to have a parent or guardian present during questioning, "even though [his] father whom [sic] was present requested." Petition at 6. Petitioner claims that, as a result, his out-of-court statement which was used at trial to obtain his conviction was illegal. Id. Respondent submits that Ground (2) is unexhausted and now procedurally barred because Petitioner "did not present the State court with the same legal claim . . . ." Response at 6-7.

The record reveals that Petitioner raised a Miranda claim in his *pro se* motion pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of counsel. Exh. Q at 11. In particular, Petitioner claimed a Sixth Amendment violation stemming from trial "counsel's failure to file [a] pretrial motion to suppress the out-of-court statement of defendant in violation of his Miranda rights." Id. In support, Petitioner recites to the Miranda warning given to him by police prior to questioning him and

-11-

argues that the warning he was given was somehow deficient. <u>Id.</u> at 11-14.

Petitioner did not raise the substance of Ground (2) below to the State court. As presently phrased, Petitioner is alleging that the trial court erred in permitting his out-of-court statement to be admitted claiming he was a youthful offender[3] and his parent was not present during his interrogation. In Florida, "[a]ny claim relating to trial court error must be raised on direct appeal . . . ." <u>Robinson v. State</u>, 913 So.2d 514, 524 n. 9 (Fla. 2005); <u>Spencer v. State</u>, 842 So. 2d 52, 60 (Fla. 2003). As more fully discussed above, a petitioner must fully and properly exhaust his state court remedies on direct appeal or in a state post conviction motion as prerequisite to federal habeas review. A criminal defendant who fails to raise a claim on direct appeal or in a post-conviction motion is procedurally barred from raising the claim in his federal habeas petition, absent a showing of cause for the default and prejudice for the error, or a fundamental miscarriage of justice. Green fails to demonstrate cause and prejudice and a fundamental miscarriage of justice. Consequently, federal habeas

_____

[3]According to the Indictment, Green was born on November 20, 1982. Exh. A. The crimes with which he was charged took place on February 13, 2003. Thus, at time of the offenses, Green was 20 years of age. Florida's youthful offender statute permits the trial court the discretion of entering a more favorable sentence to those who qualify as a youthful offender, if the offender is between the ages of 18-21 years of age and the offender is not convicted of a capital or life felony. <u>See</u> Fla. Stat. § 958.04.

review of Ground (2) is foreclosed and this ground will be dismissed as unexhausted and procedurally defaulted.

In the alternative, the Court finds Ground (2) is without merit. The Supreme Court has recognized that the voluntariness of juvenile interrogations are subject to a heightened standard. See e.g. Haley v. Ohio, 332 U.S. 596, 599 (1948). Further, in Florida, when a juvenile defendant is involved, the police are obligated to attempt to notify the parents or the legal guardian upon taking the defendant into custody. See Fla. Stat § 985.207(2)(West Supp. 1997).[4] Nonetheless, the Florida courts have concluded that the failure to notify a juvenile's parents before the juvenile is interrogated does not automatically render the confession inadmissible. Doerr v. State, 383 So.2d 905 (Fla. 1980). Instead, the failure to notify a parent or guardian is but one factor to be considered in determining whether the confession was voluntary. Id. at 907. Here, Green was not a juvenile at the time of his arrest or interrogation. Moreover, Green acknowledges that his father was present at the police station, implying that a parent was notified that Green was taken into custody.

Petitioner does not aver that his statements were not voluntary or were coerced. Instead, Petitioner suggests that the

---

[4] Although Green falls within the age range for Florida's youthful offender statute, Green is not considered a juvenile under Florida law. A "child" or "juvenile" is defined as "any unmarried person under the age of 18 who has not been emancipated by order of the court and who has been found or alleged to be dependent . . . ." Fla. Stat. § 985.03(6).

absence of his father in the interrogation room renders his statements involuntary *per se*. In determining the voluntariness of a confession made by a juvenile, the court considers the totality of circumstances which includes evaluation of juvenile's age, experience, education, background, and intelligence, and whether the juvenile has capacity to understand warnings given, nature of Fifth Amendment rights, and consequences of waiving those rights. Fare v. Michael C., 442 U.S. 707, 725 (1979)); see also Ramirez v. State, 739 So.2d 568, 577 (Fla. 1999). Consequently, even if Green was a juvenile, the presence or absence of his father during his interrogation does not render his statement *per se* involuntary, as Green apparently believes. Thus, Petitioner has not demonstrated how his Miranda rights were violated or why his statements were improperly introduced. Consequently, in the alternative, the Court denies Ground (2) as without merit.

Ground (3) - Admission of 911 Call

Petitioner claims the trial court erred in admitting the un-redacted tape of a 911 call, which was prejudicial to Green. Petition at 8. Petitioner raised this Ground as his second claim on direct appeal. Exh. D at 11, 15-19. Specifically, Petitioner objected to the portions of 911 call that referred to blood being all over the floor and coming out of the victim's mouth and the shooter being "high." Id. The appellate court rejected this claim. Exh. G.

-14-

Over objection by defense, the trial court admitted the entirety of a 911 call placed by LeFebvre, the witness, into evidence. After listening to the 911 tape, the trial court found that the call to the police fell within the exception to the hearsay rule as an excited utterance and did not need to be redacted. Exh. B at 235-48.

Here, Petitioner challenges the trial court's evidentiary ruling concerning the admission of the 911 call. As a general rule, a federal habeas court will not review the trial court's rulings concerning the admissibility of evidence. Lisbena v. California, 314 U.S. 219, 228 (1941). "Federal habeas corpus relief based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial." McCoy v. Newsome, 953 F.2d 1252, 1265 (11th Cir.), cert. denied, 504 U.S. 944 (1992); see also Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991), cert. denied, 502 U.S. 1105 (1992)("[w]e review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render 'the entire trial fundamentally unfair.'"). The state trial court error must have been "material in the sense of a crucial, critical, highly significant factor." Tejada, Id. Thus, a finding that the trial court's admissibility ruling was erroneous is not sufficient to warrant habeas relief. Shaw v. Bony, 695 F.2d 528, 530 (11th Cir. 1983).

At the outset, Petitioner does not allege, yet alone demonstrate, that the introduction of the un-redacted 911 tape denied him his right to due process; or, was so critical or important as to render his trial fundamentally unfair. Nonetheless, the Court finds that the admission of the 911 did not affect the fundamental fairness of Green's trial. The witness, LeFabvre testified at trial to the substance of the 911 call. Further, in addition to the testimony of LeFabvre who witnessed the attack and identified Green as the assailant, there was other overwhelming evidence of Green's guilt, including, *inter alia*, Green's finger prints at the Laundromat, Green's incriminating statements when asked to submit to a gun residue test, and Green's girlfriend testifying that he asked her to lie about his whereabouts at the time of the murder. Consequently, the Court finds that the State court's denial of this claim was not contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or an unreasonable determination of the facts in light of the evidence presented. Thus, Petitioner is not entitled to relief on Ground (3).

Ground (4) - Trial court's denial of new trial

Petitioner claims the trial court erred in failing to grant his motion for a new trial because the verdict was contrary to the weight of the evidence. Petition at 9. Petitioner contends that

the State presented only a circumstantial case, which did not refute the presumption of his innocence. Id. Petitioner raise this claim on direct appeal. Exh. D at 11, 20-22. The appellate court denied Green relief on this claim. Exh. G.

"The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 309 (1979)(citing In re Winship, 397 U.S. 358 (1970)). This Court, however, is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Id. at 318-19 (internal quotations and citations omitted, emphasis in original). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319(emphasis in original). This "high bar in federal habeas proceedings" is "subject to two layers of judicial deference." Coleman v. Johnson, __ U.S. __, 132 S.Ct. 2060, 2062 (2012).

> First, on direct appeal, it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.

Id. (internal quotations and citations omitted). Thus, the only question for this Court is whether the jury's "finding was so insupportable as to fall below the threshold bare rationality." Id. at 2065.

Here, Petitioner fails to articulate the correct standard for habeas review, arguing instead that the "circumstantial evidence" did not rebut his presumption of innocence. Petition at 9. Instead Petitioner advocates a weight of the evidence analysis, arguing that the weight of the evidence was insufficient to find Green guilty beyond a reasonable doubt. However, it is not within a habeas court's purview to resolve conflicts in testimony, weigh evidence, and draw inferences from the facts. These matters are left to the jury as fact-finder.

Turning to the specifics of the instant case, and affording deference to the jury and State court, the Court concludes that, in reviewing the evidence of record in the light most favorable to the prosecution, a rational fact-finder could have readily found Green guilty of manslaughter and aggravated assault. As noted *supra*, the evidence in this case did not consist only of circumstantial evidence. LeFebvre testified that he witnessed the attack on himself and the victim, Wendall Hill. He saw Petitioner holding the rifle in the doorway of his office at the Laundromat and heard Hill say several times "Oh what the f ***? No, Poe." Exh. B at 286-287. "Poe" was Green's nickname. Id. at 277. LeFebvre attempted to kick the door to his office closed when he heard a

-18-

shot fired. Id. at 287. LeFebvre and Green then struggled with the office door and Green stated that he was going to kill LeFebvre too. Id. While struggling to close the office door, LeFebvre heard four or five more gunshots, but could not see where the bullets hit because he was behind the door. Id. at 288. After he was able to close the door, LeFebvre called 911. Id. at 289. Petitioner's girlfriend testified that Green wanted her to lie about his whereabouts on the night of the incident. Id. at 466. Additionally, Green's fingerprints were found on a sign in the Laundromat. Id. at 596-97. A search of a house where Green had been on the evening of the crimes located .22 caliber bullets. Id. at 471. During questioning, when asked if he would submit to a gun residue test, Green initially responded yes, but then told the detective that he had fired a rifle that night while out shooting rabbits. Id. at 499. Based upon review of the record, the Court finds that the State court's decision on this claim was not contrary to, or an unreasonable application of, clearly established Federal law, or based upon an unreasonable determination of the facts. Consequently, the Court denies Ground (4) as without merit.

THEREFORE, it is now

ORDERED AND ADJUDGED:

1. The Petition for Writ of Habeas Corpus (Doc. #1) is DENIED on the merits as to Grounds 3 and 4 for the reasons set forth herein, and is DISMISSED WITH PREJUDICE as to Grounds 1 and

2 for the reasons set forth herein.  In the alternative, Ground 2 is **DENIED** for the reasons set forth herein.

2.    The **Clerk of the Court** shall enter judgment accordingly; terminate any pending motions; and close this file.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.    28 U.S.C. § 2253(c)(1).    Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'"   Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Orlando, Florida, on this ____7____ day of November, 2012.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record

-21-